IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANNIE THORNTON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

TYSON FOODS, INC.

Defendant.

**Case No.: 5:22-cv-05077-TLB**
FLSA Collective Action

Judge Timothy L. Brooks

**DECLARATION OF ANDREW R. FRISCH IN SUPPORT OF *UNOPPOSED* MOTION FOR APPROVAL**

I, ANDREW R. FRISCH, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. My name is ANDREW R. FRISCH. I am over the age of eighteen (18) and competent to testify as to the matters stated herein.

2. I am a partner at Morgan & Morgan, P.A. ("M&M") in Plantation, Florida, in charge of the firm's nationwide class/collective action employment practice.

3. M&M is a national firm, with over 800 attorneys, that represents plaintiffs in a wide variety of employment matters including individual and collective/class action litigation involving wage and hour claims.

4. As an attorney for M&M, I am responsible for prosecuting, as lead counsel, federal and state labor and employment claims, including claims arising under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), the Florida Civil Rights Act, the Fair Labor Standards Act ("FLSA"), and various parallel state and local municipal wage and hour laws, among others.

5. M&M is the largest Plaintiff-side law firm in the United States.



Ex. D

6. I am lead counsel in this matter along with Matthew Parmet of Parmet Law. To that end, Mr. Parmet and I have been the attorneys primarily responsible for the litigation on behalf of the Plaintiffs here.

7. We undertook this case on a contingency fee agreement, and have not been paid for any of the work we have done to date. Further, our work on this case has precluded us from handling other matters, including other class/collective wage and hour matters.

**Counsel's Background and Experience**

8. I completed my undergraduate studies at the University of Michigan (Ann Arbor), where I obtained a Bachelor of Arts (1997), and served as an assistant to the Honorable Lynn Rivers, then the Congressperson from Ann Arbor in the United States House of Representatives. After my graduation from the University of Michigan, I attended law school at the Benjamin N. Cardozo School of Law in New York, where I graduated in the top of my class and earned a Juris Doctor degree (2000). While in law school, I served as a student law clerk for the Honorable Denis R. Hurley of the Eastern District of New York, and received numerous scholastic honors.

9. I was admitted to the bars of the State of New York and New Jersey in 2001, the bar of the State of Florida in 2006, and the bar of the State of Georgia in 2012. Additionally, I am admitted to the bars of the Third, Fifth, Sixth, and Eleventh Circuit Court of Appeals and Middle, Northern and Southern Districts of Florida, Eastern, Northern, and Southern Districts of New York, District of New Jersey, Court of Federal Claims, Northern and Southern Districts of Texas, District of Colorado, Eastern and Western Districts of Tennessee, Middle and Northern Districts of Georgia, Northern District of Illinois, and Eastern District of Michigan. I am a member in good standing of each of these bars.

10. I have been practicing law since January 2001, have successfully handled hundreds of FLSA collective action cases (in multiple states and venues), and prior to coming to Morgan & Morgan, P.A., I managed the Wage and Hour Department at Rosenthal & Levy, P.A. in West Palm Beach, Florida for over a year.

11. I have served or am serving as lead counsel in Wage and Hour Class/Collective Actions in the Middle, Northern and Southern District of Florida, Southern District of Texas, Eastern and Southern Districts of New York, District of New Jersey, Eastern District of North Carolina, Southern and Northern Districts of Mississippi, Eastern, Middle and Western Districts of Tennessee, Southern District of Ohio, Middle, Northern and Southern Districts of Georgia, District of Colorado, District of Oregon, and the Court of Federal Claims. *See, e.g., Fairley v. Knights Marine and Industrial Services, Inc.,* Case 1:15-cv-00047-LG-RHW, D.E. 43 (S.D. Miss. May 29, 2015) (nationwide class of tradesmen alleging miscalculation of their overtime); *Case v. Danos & Curole Marine Contractors, L.L.C.*, 2015 WL 1978653 (E.D. La. May 4, 2015); *Kutzback v. LMS Intellibound, LLC*, 2015 WL 1393414 (W.D. Tenn. Mar. 25, 2015) (nationwide class of unloaders asserting off-the-clock claims); *Miller v. Garibaldi's Inc.,* 2015 WL 1170956 (S.D. Ga. Mar. 13, 2015); *Bath v. Red Vision Systems, Inc.*, 2014 WL 2436100 (D.N.J. May 29, 2014); *Thompson v. Direct General Consumer Products, Inc.*, 2014 WL 884494 (M.D. Tenn. March 5, 2014) (nationwide class of insurance agents); *Palma v. MetroPCS Wireless, Inc*., 2013 WL 6597079 (M.D. Fla. Dec. 16, 2013) (nationwide class of account service representatives); *White v. NTC Transp., Inc.*, 2013 WL 5874566 (N.D. Miss. Oct. 31, 2013); *Cooper v. East Coast Assemblers, Inc.*, 2013 WL 308880 (S.D. Fla. Jan. 25, 2013)(certifying nationwide class of "assemblers" regarding unpaid overtime claims); *Young v. Dollar Tree Stores, Inc.,* 1:11-cv-01840-REB-MJW, D.E. 264 (D. Colo. Aug. 24,

2012)(conditionally certifying a nationwide class of over 35,000 "assistant store managers" pursuing off-the-clock claims); *Hardesty v. Litton's Market and Restaurant, Inc*., 2012 WL 6046743 (E.D. Tenn. Sept. 28, 2012) (class of tipped servers alleging tip credit violations); *Toure v. Amerigroup Corp.*, 2012 WL 1432302, (E.D.N.Y. April 20, 2012); *Elliott v. Amspec Services, LLC*, 2011 WL 6002019 (D.N.J. Nov. 29, 2011)(certifying nationwide class of "oil, gas and chemical inspectors"); *Mainor v. Lazer Spot, Inc.,* 2011 U.S. Dist. LEXIS 151990, at *8 (N.D. Ga. Aug. 9, 2011) (nationwide class of yard jockeys); *Dacar v. Saybolt, LP*, 4:11-cv-00433, D.E. 135 (S.D. Tex. June 2, 2011); *Aponte v. Comprehensive Health Management, Inc*., 2011 WL 2207586 (S.D.N.Y. June 2, 2011); *Alvarez v. Gold Belt, LLC*, 2011 WL 1337457 (D.N.J. Apr. 7, 2011); *Mills v. RM International, Inc*., 3:11-cv-00129, D.E. 38 (D. Or. March 31, 2011) (conditionally certifying nationwide class of "test drivers"); *Reyes v. AT & T Corp*., 2011 WL 3517004 (S.D. Fla. Feb. 28, 2011) (conditionally certifying a nationwide class of "retail account executives"); *Brantley v. Inspectorate America Corp.,* 4:09-cv-02439, D.E. 43 (S.D. Tex. April 14, 2010); *Gayle v. United States,* 85 Fed. Cl. 72 (2008).

12. Additionally, I have repeatedly been held to be adequate class counsel in claims arising under various state wage and hour laws and in other class actions. *See, e.g., Gibbs v. Centerplate, Inc.,* 2018 WL 4760789, at *1 (M.D. Fla. July 23, 2018); *Fosbrink v. Area Wide Protective, Inc.,* 325 F.R.D. 474, 483 (M.D. Fla. 2018); *Graham v. Pyramid Healthcare Sols., Inc.,* 2017 WL 2799928, at *8 (M.D. Fla. June 28, 2017); *Shaw v. Set Enterprises, Inc.,* 2017 WL 2954675, at *3 (S.D. Fla. June 30, 2017) ("Frisch, M&M, Morgan, ARL, Gallagher, and JBG, have significant experience in litigating and settling wage and hour class and collective actions."); *Escort v. Princeton Info.,* 2017 U.S. Dist. LEXIS 47853, at *6 (S.D.N.Y. March 30, 2017) ("Based upon the investigations done by

Mr. Frisch in this case, and his previous work as class counsel in similar cases, I conclude that he meets the requirements of Rule 23(g)."); *Encarnacion v. J.W. Lee, Inc.,* No. 14-CIV-61927, D.E. 65 (S.D. Fla. June 30, 2015); *Pierre-Val v. Buccaneers Ltd. P'ship,* 2015 WL 3776918, at *4 (M.D. Fla. June 17, 2015) (appointing Frisch and Morgan & Morgan as class counsel in Florida minimum wage class action); *Seghroughni v. Advantus Restaurant, Inc.*, 2015 WL 390329, at *2 (M.D. Fla. Jan. 28, 2015) (same); *Deleon v. Wells Fargo, N.A.,* 1:12-cv-04494-RLE, D.E. 39 (S.D.N.Y. Jan. 12, 2015) (appointing Frisch and M&M as class counsel in NYLL class action); *Reyes v. AT&T Mobility Services, LLC,* 1:10-cv-20837-MGC, D.E. 191 (S.D. Fla. Dec. 20, 2012) (appointing Frisch as class counsel); *Toure v. Amerigroup Corp.*, 2012 WL 3240461, at *5 (E.D.N.Y. August 6, 2012) ("Class Counsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."); *Aponte v. Comprehensive Health Management, Inc.*, 2011 WL 2207586, at *12 (S.D.N.Y. June 2, 2011) (finding that Frisch and Morgan & Morgan "are qualified, experienced, and capable of acting as lead counsel" in wage and hour class actions).

13. I have also tried close to two dozen jury trials in the state and federal courts of Florida, California, Georgia, Kentucky, Michigan, and New York, as well as over one hundred final administrative hearings in multiple states and forums.

14. I have also handled numerous cases as appellate counsel in administrative proceedings, as well as in state and federal court proceedings.

15. I am a member of the National Employment Lawyers Association ("NELA"), as well as NELA's Florida and Georgia chapters. I am also an active member of various trial lawyer organizations, including the Florida Justice Association ("FJA"), the Palm Beach County Justice Association ("PBCJA"), the Broward County Justice

Association ("BCJA"), and the New York State Trial Lawyers Association ("NYSTLA").

16. Further, I have published multiple articles on Wage and Hour subjects in different periodicals. I am also author/publisher of the "Overtime Law Blog" website http://flsaovertimelaw.com, a frequently updated site pertaining to recent developments in FLSA and Wage and Hour jurisprudence.

17. Given my expertise in wage and hour law, I am frequently asked to present to groups of attorneys and/or paralegals at speaking engagements. *See, e.g.*, Lecturer, "Overtime and Fair Labor Standards Act," Palm Beach County Chapter of Paralegal Association of Florida, Inc., May 9, 2007; Lecturer, "Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment Act (ADEA); Older Workers Benefits Protection Act (OWBPA); Florida Whistleblowers Act," Florida Workers' Advocates, FWA's 17th Annual Education Conference, June 9, 2007; Lecturer, "Best Strategies for Handling Fair Labor Standards Act (FLSA) Litigation by the Plaintiff and Defendant," Florida Bar Labor and Employment Section, Advanced Labor Topics 2012, April 14, 2012; Lecturer, "Calculating Damages Under the FLSA to Maximize Your Claims," Practice Made Perfect's Wage & Hour Seminar, February 7, 2013.

18. My firm handles all matters on a contingency fee basis and forwards the costs on behalf of the clients.

19. My reasonable hourly rate for handling FLSA collective actions in this District for the purposes of the immediate motion is $400 per hour. The $400 hourly rate charged is in line with, or less than, experienced attorneys billing in comparable FLSA collective actions.

**Counsel's Hours**

20. The following is based on a review of the time records maintained during

the course of the litigation.

21. Through and including October 24, 2024, C. Ryan Morgan and I have spent in excess of 250 hours (128 hours for myself, and 112 hours for Mr. Morgan) pursuing and litigating this case, not including time for any other attorneys, paralegals, or staff with Morgan & Morgan.

22. Plaintiffs' Counsel recorded and maintained attorney time documenting the time spent working on this case.

23. Based on my prior experience, I anticipate that this case will continue to require meaningful time following the filing of this Declaration to, among other things, pursue final approval, preparing for and attend any additional hearings, communicate with Plaintiff and members of the putative settlement collective, communicate with the settlement administrator and finalize the distributions to be made to the members of the putative settlement collective, as well as handling any issues that arise in the settlement administration process.

24. Recovery of our attorney's fees and costs in matters such as this one allows us to accept FLSA cases on a contingency basis and represent individuals who cannot afford to pay an hourly rate.

25. By pursuing this case, as well as similar such cases, the firm runs the risk of no recovery if an adverse result is obtained.

26. It is my belief that the recovery obtained in this case is an excellent outcome, especially in light of the numerous hurdles Plaintiffs will have to surmount if this matter were to be litigated to conclusion either by decertification, dispositive motions or trial.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 24th day of October, 2024.

/s/ *Andrew R. Frisch*

Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

*Attorney for Plaintiffs*